## Dime Bank Title and Trust Company v. Kresge.

*Edgar C. Nagle,* for plaintiff; *Howard M. Spengler,* for defendant.

Iobst, J., April 22, 1929.—This is an action of replevin. The matter now before us is the disposition of a rule upon Charles R. E. Kresge, defendant, to show cause why he should not turn over to the Sheriff of Lehigh County the property described in plaintiff's statement, to wit, an automobile truck. The sheriff's return to the writ reads as follows: "Eloigned as to goods and chattels herein specified and summoned Charles R. E. Kresge, the within named defendant, by handing to him personally, at 9th and Sumner Avenue, Allentown, in the County of Lehigh and State of Pennsylvania, Aug. 7, 1928, at 8.25 o'clock A. M., a true and attested copy of the within writ and making known to him the contents thereof." "Eloign" is a return to a writ of replevin, when the chattels have been removed out of the way of the sheriff: Bouvier's Law Dictionary.

The manner of serving the writ is prescribed by the Act of July 9, 1901, § 1, cl. 9, P. L. 617. "The writ of replevin may be served by the sheriff in the county in which it is issued: *(a)* By taking possession of the goods and chattels described therein, and by serving the defendant, if found, as in the

case of a summons; and by adding to the record, and serving as in the case of a summons, any other than the defendant who may be found in possession of such goods and chattels, or any of them; or *(b)* if the goods and chattels cannot be found, then by serving the writ as in the case of a summons; in which event the cause shall proceed with the same effect as if a summons in trespass had been duly served; and *alias* and *pluries* writs may issue in the same suit at any time prior to verdict, and said goods and chattels may be taken by virtue thereof, with the same effect as if taken in the original writ."

While it is true that the defendant, Kresge, admits possession of the truck, he says that it is stored in premises rented by him in East Allen Township, Northampton County, Pennsylvania. We are not aware of any authority in the court to order and direct the defendant to deliver the truck to the Sheriff of Lehigh County. The act referred to directs the sheriff to take possession "of the goods and chattels described," if found; and, if not found, to serve the writ; and further provides that *alias* and *pluries* writs may issue and said goods and chattels taken by virtue thereof. The claimant, however, must satisfy itself as to whether the Sheriff of Lehigh County is empowered, by virtue of an *alias* writ in this suit, to take the goods located in Northampton County before that step is taken. The rule must be discharged.

Now, April 22, 1929, the rule to show cause, granted Jan. 28, 1929, is discharged.

From Edwin H. Kohler, Allentown, Pa.